# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In re**
**PARAMOUNT LAKE EOLA, L.P.**
**LITIGATION**

**Case Nos.**

| | | |
|---|---|---|
| 6:08-cv-1270-Orl-28KRS | 6:08-cv-1308-Orl-28KRS | 6:08-cv-1342-Orl-28KRS |
| 6:08-cv-1290-Orl-28KRS | 6:08-cv-1336-Orl-28KRS | 6:08-cv-1377-Orl-28KRS |
| 6:08-cv-1291-Orl-28KRS | 6:08-cv-1337-Orl-28KRS | 6:08-cv-1378-Orl-28KRS |
| 6:08-cv-1292-Orl-28KRS | 6:08-cv-1338-Orl-28KRS | 6:08-cv-1379-Orl-28KRS |
| 6:08-cv-1293-Orl-28KRS | 6:08-cv-1339-Orl-28KRS | 6:08-cv-1380-Orl-28KRS |
| 6:08-cv-1294-Orl-28KRS | 6:08-cv-1340-Orl-28KRS | 6:08-cv-1381-Orl-28KRS |
| 6:08-cv-1295-Orl-28KRS | 6:08-cv-1341-Orl-28KRS | 6:08-cv-1417-Orl-28KRS |

## ORDER

This cause came on for consideration without oral argument on the following motion filed in each of the above cases:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO STRIKE AFFIRMATIVE DEFENSE** |
| **FILED:** | October 27, 2008 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.   BACKGROUND.**

Multiple plaintiffs have filed individual actions against defendant Paramount Lake Eola, L.P. ("Paramount") related to the purchase of a condominium unit at a development known as The Paramount on Lake Eola. Plaintiffs allege that Paramount violated the Interstate Land Sales Full

Disclosure Act ("ILSFDA"), several provisions of the Florida Statutes, committed various tort claims, and breached a contract. Paramount counterclaimed for specific performance and breach of contract.

In response to Paramount's counterclaim, the plaintiffs assert an affirmative defense based on a provision of the ILSFDA, 15 U.S.C. § 1703(d). Paramount has moved to strike the affirmative defense. The plaintiffs have responded. The presiding judge has referred the motion to me for disposition.

## II.     STANDARD OF REVIEW.

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It has been stated repeatedly that "[a] motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Bd. of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

> While the Court has broad discretion in disposing of motions to strike, they are granted only where clearly warranted. The standard that must be met is undisputed: only if a defense is insufficient as a matter of law will it be stricken. A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous; or if it is clearly invalid as a matter of law.

*Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)(internal citations omitted).

**III.   ANALYSIS.**

Section 1703(d) provides an option for a purchaser or lessee of a lot as defined by the ILSFDA to revoke any contract or agreement if the contract or agreement does not contain certain provisions.  Plaintiffs contend that § 1703(d)(3) limits Paramount's remedies to the liquidated damages award or compensatory damages award set forth in that section.  Paramount argues that nothing in § 1703(d) precludes it from obtaining specific performance where the contract also provides that it may "specifically enforce" the parties' agreement.

Courts are "very reluctant to determine disputed or substantial issues of law on a motion to strike."  *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1360 (M.D. Fla. 2008)(citing 5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (2d ed.1990)).  Neither plaintiffs nor Paramount have presented a thorough analysis of § 1703(d) or cited the Court to binding authority as to that issue.

In light of the disputed and substantial legal issue involved, it is inappropriate for the Court to resolve the issue in the context of a motion to strike.  The parties may raise the issue again on motions for summary judgment.  *See Harvey*, 568 F. Supp. 2d at 1360.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 9, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE